WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK (VA Bar No. 12303)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5646
Facsimile No. (415) 625-5657

Attorneys for Plaintiff
Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MERCED COUNTY COMMUNITY ACTION AGENCY<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Mr. Charles Price aggrieved by Defendant's unlawful practices. Plaintiff alleges that Defendant, Merced County Community Action Agency unlawfully subjected Mr. Price to race and retaliation discrimination, denying him a promotion on account of his race, African American, and discharging him in retaliation for complaining of the promotion denial.

//

//

COMPLAINT                                                                                                    Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

## INTRA-DISTRICT ASSIGNMENT

2. This action is appropriate for assignment to the Fresno division of the Eastern District, California, because the unlawful employment practices alleged were committed within Merced County, the employment record relevant to the unlawful practices are located in Merced County, and because Defendant's principal place of business is in Merced County.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Merced County Community Action Agency ("Defendant") has continuously been, and is now, a California corporation, qualified and doing business in the state of California and the city of Merced and has continuously had and does now have at least 15 employees.

5. At all relevant times, Defendant has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on Race Discrimination, Promotion**

6. More than thirty days prior to the institution of this lawsuit, Mr. Price filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2003, Defendant has engaged in unlawful employment practices of race discrimination in violation of Section 703 (a) (1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by refusing to promote Mr. Price ("Charging Party"), because of his race, African American.

8. The effect of the practices complained of above in paragraph 7 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his employment status because of his race.

9. The unlawful employment practices complained of above in paragraph 7 were and are intentional.

10. The unlawful employment practices complained of above in paragraph 7 were done with malice and/or reckless indifference to the federally protected rights of Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act Based on Retaliation

11. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 7 above as though fully set forth herein.

12. In addition to the above-referenced promotion denial, Defendant has engaged in unlawful employment practices in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-3 (a), by subjecting Charging Party to adverse employment actions in retaliation for his opposition to race discrimination, including, *inter alia*, termination of his employment.

13. The effect of the action complained of in paragraph 12 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination and/or retaliation against its employees.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and those persons who complain about race discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to, lost wages and benefits, medical expenses or other out of pocket expenses in amounts to be determined at trial.

D. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct complained of above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

//
//
//
//
//
//
//
//

## JURY TRIAL DEMAND

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

James L. Lee
Deputy General Counsel
**Gwendolyn Young Reams**
Associate General Counsel

**Equal Employment Opportunity Commission**
1801 L Street, N.W.
Washington, DC 20507

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

Dated: 9/23/85

_____
WILLIAM R. TAMAYO
Regional Attorney

Dated: 9/23/05

_____
JONATHAN T. PECK
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105